UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSA FLORES CASTELLON | CIVIL ACTION |
| VERSUS | CASE NO. 25-301 |
| ANTHONY MBAEGU DURU, et al. | SECTION: "G"(2) |

## ORDER AND REASONS

Before the Court is Defendant Sentry Select Insurance Company's ("Sentry") Rule 12(b)(6) Moton to Dismiss.[1] In this litigation, Plaintiff Rosa Flores Castellon is suing Defendants Sentry, Anthony Mbaegu Duru, Been Trucking, LLC, and GEICO Casualty Company (collectively, "Defendants") for damages related to an auto accident that occurred on January 9, 2024.[2] In the instant motion, Sentry argues Plaintiff does not have a claim against it under the Louisiana Direct Action Statute.

The instant motion was filed on February 26, 2025, and set for submission on March 19, 2025.[3] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[4] Considering the motion, memorandum in support, record, and applicable law, the Court grants the motion and dismisses the claims against Sentry.

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

## I. Background

On December 30, 2024, Plaintiff filed a Petition for Damages against Defendants in the 24th Judicial District Court for the Parish of Jefferson.[5] Defendants removed the case to this Court on February 12, 2025.[6] Sentry filed the instant Rule 12(b)(6) Motion to Dismiss on February 26, 2025.[7] Plaintiff has not responded to the motion.

## II. Sentry's Arguments

Sentry moves the Court to dismiss the claims Plaintiff raises against it.[8] Sentry asserts Plaintiff has no right of action against it under the Louisiana's Direct Action Statute.[9] Under a recent amendment to the statute, Sentry claims Plaintiff's rights to assert direct action against insurers are very limited, with exceptions that do not apply in this case.[10] Sentry asserts the Direct Action Statute is procedural in nature and is therefore applied retroactively and prospectively.[11]

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[12] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[13] "To survive a motion to dismiss, a

---

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1.

[7] Rec. Doc. 5.

[8] Rec. Doc. 5-1.

[9] *Id;* La. R.S. 22:1269.

[10] Rec. Doc. 5-1 at 4.

[11] *Id.* at 6.

[12] Fed. R. Civ. P. 12(b)(6).

[13] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "Factual allegations must be enough to raise a right to relief above the speculative level."[15] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[17] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[18] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[19] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[20] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[21] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[22] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Twombly*, 550 U.S. at 555.

[16] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[17] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[18] *Iqbal*, 556 U.S. at 678–79.

[19] *Id.* at 679.

[20] *Id.* at 678.

[21] *Id.*

[22] *Id.*

3

the asserted claims.[23] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[24]

## IV. Analysis

The amendment to Louisiana's Direct Action Statute went into effect on August 1, 2024.[25] The amended provision states:

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> (b) The insured is insolvent.
> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
> (e) When the insurer is an uninsured motorist carrier.
> (f) The insured is deceased.
> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

The amendment to the Direct Action Statute, which removed the right of an insured's direct action claim against insurers, save for certain, narrow exceptions, creates new procedural law, not substantive law.[26] Because the amended Direct Action Statute reflects procedural law, it applies

---

[23] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[24] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[25] Direct Actions Against an Insurer, 2024 La. Sess. Law Serv. Act 275 (H.B. 337) (WEST).

[26] *Id.*

retroactively considering there exists no legislative expression to the contrary.[27] Plaintiff filed the Petition for Damages against Defendants on December 30, 2024, after the amendment went into effect. Therefore, the amendment applies to this case. Since Sentry is not asserting any coverage defense and Plaintiff does not claim any of the other narrow exceptions apply, Sentry cannot be named as a defendant under the amended Direct Action Statute.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sentry Select Insurance Company's Rule 12(b)(6) Moton to Dismiss[28] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this  16th  day of May, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[27] *See id.*

[28] Rec. Doc. 5.